## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| Robert Hossfeld, Jr., | Civil Action No.: 1:12-cv-00901 |
| Plaintiff, | |
| v. | |
| The Berkley Group, Inc. and Caribbean Cruise Line, Inc., | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Robert Hossfeld, Jr., by undersigned counsel, states as follows:

### **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. This Court has original jurisdiction over Plaintiff's TCPA claims. Mims v. Arrow Fin. Serv., LLC, 132 S.Ct. 740 (2012).

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

1. The Plaintiff, Robert Hossfeld, Jr. ("Plaintiff"), is an adult individual residing in Burnet, Texas.

2. The Defendants, The Berkley Group, Inc. (hereafter "Berkley") is a Florida business entity with an address of 3015 North Ocean Boulevard, Suite 121, Fort Lauderdale, Florida 33308.

3. Caribbean Cruise Line (hereafter "Caribbean," and together with Berkley, the "Defendants") is a Florida business entity with an address of 2419 E. Commercial Boulevard, Suite 100, Fort Lauderdale, Florida 33308.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     Defendants Engage in Harassment and Abusive Tactics**

4. Around June 2012, Caribbean started placing calls to Plaintiff's cellular phone using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

5. Plaintiff has no relationship with Defendants and never gave his consent to be called on his cellular phone.

6. Caribbean's Robocalls started with the sound of a fog horn and continued with a prompt for Plaintiff to stay on the line to win a free cruise.

7. During each Robocall, Caribbean failed to identify the name of its company.

8. When Plaintiff stayed on the line to speak with a live representative, Caribbean told Plaintiff to go to a website to enter his contact information to win a free cruise to the Bahamas.

9. After Plaintiff entered his contact information, Plaintiff started receiving calls and Robocalls from different Berkley affiliates, including such companies as "Diabetes Help Now" and "Liberty Medical".

10. On July 25, 2012, when Plaintiff questioned Caribbean as to why he was receiving Robocalls, Caribbean stated that Plaintiff's phone number had been "randomly selected."

11. Plaintiff then requested that Caribbean stop the Robocalls to his cellular phone.

12. Despite this request, Caribbean continued to place Robocalls to Plaintiff. Additionally, Berkley's affiliates also continued to place Robocalls to Plaintiff.

13. On August 7, 2012, Plaintiff sent an email to Berkley stating he would pursue legal action against the company. On August 13, 2012, Berkley's counsel responded that Berkley would "aggressively defend itself and will seek sanctions and damages against you [Plaintiff] for bringing a meritless lawsuit against it."

14. On August 21, 2012, Defendants placed a Robocall to Plaintiff questioning Plaintiff about personal information including his level of education, age, whether he had diabetes, whether he was a homeowner or renter, if he had sleep apnea or a CPAP machine, the method of how he paid for his purchases, whether he had a septic tank or city sewer, and if he had a computer.

15. During a conversation on August 30, 2012, Defendants asked Plaintiff if he had some sort of necklace around his neck and then promptly terminated the call on Plaintiff.

16. When Plaintiff attempted to call back Defendants to speak with a live representative, Defendants' phone would ring twice and then hang up.

17. Defendants' calls and Robocalls were extremely aggravating to Plaintiff.

**B.    Plaintiff Suffered Actual Damages**

18.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.    As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, et seq.**

20.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.    Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

22.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

23.    The Plaintiff is entitled to damages as a result of the Defendants' violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Actual damages from the Defendants for the all damages including

   emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA violations;

3. Punitive damages; and

4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 27, 2012

   Respectfully submitted,

   By: __/s/ Sergei Lemberg_____

   Sergei Lemberg, *Attorney-in-Charge*
   Connecticut Bar No. 425027
   LEMBERG & ASSOCIATES L.L.C.
   1100 Summer Street, 3rd Floor
   Stamford, CT 06905
   Telephone: (203) 653-2250
   Facsimile:  (203) 653-3424
   E-mail: slemberg@lemberglaw.com
   Attorneys for Plaintiff